PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
___ LODGED
___ RECEIVED

**May 14, 2008**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

In re:

LLOYD E. LONGEY,

Debtor.

Case No. 07-43562

**MEMORANDUM DECISION**

This matter came for hearing on April 24, 2008, on the Court's Reconsideration of Oral Ruling on Retroactivity of Homestead. On December 5, 2007, Lloyd E. Longey (Debtor) filed a Motion to Avoid Judgment Lien, seeking to avoid the judgment lien of Kevin H. Weare and Joseph F. Beck (Judgment Lien Creditors). The Judgment Lien Creditors opposed the Debtor's motion on several grounds, including the contention that the 2007 amendment to the Washington State homestead exemption statute, RCW 6.13.030, should not be applied retroactively to the judgment lien, which was recorded prior to the effective date of the amendment. On January 31, 2008, the Court issued an oral ruling, determining that the judgment lien gave the Judgment Lien Creditors a vested interest in the Debtor's property such that the increased homestead exemption, although remedial in nature, could not be applied retroactively. The Court has not yet reduced its oral ruling to a written order.

On March 26, 2008, the Court filed a Notice Regarding Court's Reconsideration of Oral Ruling on Retroactivity of Homestead and Setting Hearing for April 24, 2008, at 9:00 a.m.

MEMORANDUM DECISION - 1

Since issuing its oral decision on January 31, 2008, the Court had reviewed additional case law from other jurisdictions indicating a split of authority among the states as to whether a recorded judgment lien creditor has a vested right in a debtor's property. The Debtor and the Judgment Lien Creditors submitted briefs on this issue. At the conclusion of the hearing, the Court took the matter under advisement. This Memorandum Decision shall constitute Findings of Fact and Conclusions of Law as required by Fed. R. Bankr. P. 7052. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Court has the jurisdiction to enter a final order under 28 U.S.C. § 1334, 28 U.S.C. § 157, 28 U.S.C. § 151.

**I**

**FINDINGS OF FACT**

The facts are not in dispute. On March 5, 2007, the Judgment Lien Creditors obtained a judgment in Grays Harbor Superior Court against the Debtor in the amount of $29,700, plus interest and costs, with interest accruing at 12% per annum. The judgment was recorded in Grays Harbor County on March 5, 2007, under Auditors File No. 2007-03050172. Upon recording, the judgment lien (Judgment Lien) attached to the Debtor's real property commonly described as 640 South Aberdeen Street, Westport, Washington (Property). At the time of the recording, Washington's homestead statute allowed a resident to exempt up to $40,000 in his or her homestead property. RCW 6.13.030.

Effective July 22, 2007, the Washington State legislature amended the homestead statute to increase the amount of the homestead exemption to $125,000. The Debtor filed for relief under Chapter 7, Title 11 on October 25, 2007.

On December 5, 2007, pursuant to 11 U.S.C. § 522(f), the Debtor moved to avoid the Judgment Lien, asserting that the Judgment Lien, if not avoided, would impair the Debtor's

homestead exemption in the amount $125,000. The Judgment Lien Creditors opposed the motion, contending that the Debtor was limited to the homestead exemption amount in effect at the time the Judgment Lien was recorded, which was $40,000. The Debtor's schedules set forth a fair market value for the Property of $90,000 at the time of the filing and non-avoidable liens totaling $37,297.00. Under these facts, the Debtor would be entitled to avoid the Judgment Lien in its entirety pursuant to § 522(f)(2)(A). Under the Judgment Lien Creditors' scenario, there would be at least $12,703 available to partially satisfy the Judgment Lien.[1]

## II

## CONCLUSIONS OF LAW

Under the analytical framework set forth by the United States Supreme Court in <u>Owen v. Owen</u>, 500 U.S. 305, 312-13, 111 S. Ct. 1833 (1991), to determine the applicability of 11 U.S.C. § 522(f) to the Debtor's motion to avoid the Judgment Lien, this Court must first determine whether the Debtor is entitled to an exemption. It is undisputed that the Debtor is entitled to claim a homestead exemption. As part of the first <u>Owen</u> step, however, this Court must determine the amount of the exemption to which he is entitled in order to determine the extent to which the Judgment Lien may be avoided. <u>See</u> <u>In re Betz</u>, 273 B.R. 313, 321 (Bankr. D. Mass. 2002).[2]

---

[1] The Judgment Lien Creditors also dispute the $90,000 value for the Property listed in the Debtor's schedules. They contend that based on a comparative market analysis, the value of the Property at the time of filing was $130,000. Even if the Court accepts the $130,000 value, under the Debtor's scenario, the Judgment Lien still would be avoided in its entirety.

[2] Under <u>Owen</u>, the next two steps require the Court to determine the extent to which the Judgment Lien can be avoided, and whether the Judgment Lien impairs the exemption. <u>Betz</u>, 273 B.R. at 320-21.

The Debtor selected the homestead exemption under Washington State law, RCW 6.13.030. Exemptions are to be determined by "State or local law that is applicable on the date of the filing of the petition . . . ." 11 U.S.C. § 522(b)(3)(A). When the Debtor filed bankruptcy on October 25, 2007, the increased homestead exemption was already in effect. "A court in its consideration of the state law applicable in a bankruptcy proceeding must look both to the particular statute and to the construction placed on that statute by the authoritative courts." In re Bassin, 637 F.2d 668, 670 (9th Cir. 1980).

The principal issue before the Court is whether the 2007 amendment to the Washington State homestead exemption statute, RCW 6.13.030, should be applied retroactively to the Judgment Lien, which was recorded prior to the effective date of the amendment. Generally, an amendment is like any other statute and is applied prospectively. In re F.D. Processing, Inc., 119 Wn.2d 452, 460, 832 P.2d 1303 (1992). An amendment may be applied retroactively if the legislature so intended it, the amendment is "clearly curative," or the amendment is remedial and certain circumstances exist. F.D. Processing, 119 Wn.2d at 460 (quoting Howell v. Spokane & Inland Empire Blood Bank, 114 Wn.2d 42, 47, 785 P.2d 815 (1990)). There is no dispute in this case that the Washington legislature was silent on the retroactivity of the homestead exemption amendment and that the amendment is not curative.

In Washington, an amendment is applied retroactively "when it relates to practice, procedure or remedies, and does not affect a substantive or vested right." F.D. Processing, 119 Wn.2d at 462-63 (quoting In re Mota, 114 Wn.2d 465, 471, 788 P.2d 538 (1990)). There is no dispute that the amendment is remedial in nature. Macumber v. Shafer, 96 Wn.2d 568, 570, 637 P.2d 645 (1981). "[A] remedial statute cannot be retroactively applied if it affects a vested right." F.D. Processing, 119 Wn.2d at 463. The primary issue before the Court, then,

is whether the Judgment Lien gave the Judgment Lien Creditors a vested interest in the Property such that the increased homestead exemption, although remedial in nature, cannot be applied retroactively.

The Washington Supreme Court has expressed the following opinion regarding the term "vested rights:"

> The term 'vested right' is not easily defined and has been used by the courts to express various shades of meaning. However, the term has been commonly held to connote 'an immediate, fixed right of present or future enjoyment' and 'an immediate right of present enjoyment, or a present, fixed right of future enjoyment.'

Adams v. Ernst, 1 Wn.2d 254, 264-65, 95 P.2d 799 (1939) (quoting Pearsall v. Great N. Ry. Co., 161 U.S. 646, 16 S. Ct. 705 (1896)).

The parties have not presented, nor has the Court discovered, Washington State case law that squarely addresses the issue before the Court. The Debtor points to Macumber, 96 Wn.2d at 570, in support of his argument that the Washington State courts have already determined that an increased homestead exemption may be applied retroactively. Macumber, although helpful authority, is not controlling because in that case the creditor was an unsecured creditor, not a judgment lien creditor. Moreover, the Washington Supreme Court did not apply the retroactivity analysis subsequently utilized by the court in F.D. Processing, which is critical to the current case. In F.D. Processing, the Washington Supreme Court engaged in an extra layer of analysis, whereby it determined that even if an amendment is deemed remedial, it cannot be applied retroactively if it affects a vested right.

The Judgment Lien Creditors rely on Wenner v. Erickson (In re Wenner), 61 B.R. 634 (W.D. Wash. 1985), and Burch v. Monroe, 67 Wn. App. 61, 834 P.2d 33 (1992). In those cases, the courts determined that amendments to the Washington homestead law could not

be applied retroactively. In <u>Wenner</u>, the court held that because the creditor obtained a lien before a declaration of homestead was filed, the creditor had gained a vested right. <u>Wenner</u>, 61 B.R. at 635. In <u>Burch</u>, the court held that retroactive application of a new statute requiring the creditor to file the judgment with the county recording officer so as to effectuate lien attachment, impaired the creditors' vested right. <u>Burch</u>, 67 Wn. App. At 65-66. Although the creditors in <u>Wenner</u> and <u>Burch</u> were judgment lien creditors similar to the current case, the statutory amendments in those cases would, if applied retroactively, nullify the creditors' judgment liens.

In the current case, application of the homestead amendment does <u>not</u> nullify the Judgment Lien. The Judgment Lien Creditors retain their Judgment Lien, but the value of the lien has been reduced. As held by the <u>Macumber</u> court, and cited by the <u>Burch</u> court, retroactive application of a higher homestead exemption is not unconstitutional if the amendment modifies a remedy, rather than denying or seriously impairing the value of a right. <u>Macumber</u>, 96 Wn.2d at 571 (where the court considered whether retroactive application of the homestead amendment to an unsecured creditor was unconstitutional under the contract clause) (citing <u>Home Bldg. & Loan Ass'n v. Blaisdell</u>, 290 U.S. 398, 433, 54 S. Ct. 231 (1934)).

At oral argument, the Judgment Lien Creditors also referenced Washington's eminent domain statute, RCW 8.04, which requires notice to an "encumbrancer" of property sought to be condemned, RCW 8.04.020. Nonetheless, in Washington, "[a] lien is not a proprietary interest or estate in the land." <u>State v. Teuscher</u>, 111 Wn.2d 486, 491, 761 P.2d 49 (1988). Thus, "[s]ince the lien is not a proprietary interest, but is <u>a remedy against the land</u>, a legislature may constitutionally impair a remedy . . . ." <u>Teuscher</u>, 111 Wn.2d at 491 (citing 2 J.

Sackman, Nichols on Eminent Domain §§ 5.17 & 5.19 (3d ed. 1985) (emphasis added)). Although Washington's legislature has opted to give lien holders several rights regarding eminent domain, the Court is unaware of any provision in the eminent domain statute that explicitly grants the lien holder a vested interest in the property.

As previously discussed, Washington courts and the legislature have not specifically addressed the issue of whether a judgment lien gives a judgment lien creditor a vested interest in a debtor's property. A few published Washington cases provide some insight, however, particularly when considered with the general Washington State policy favoring homestead statutes.

"Homestead statutes are enacted as a matter of public policy in the interest of humanity and thus are favored in the law and are accorded a liberal construction." Macumber, 96 Wn.2d at 570. The intention of the homestead statutes "is to ensure shelter for families, not to protect the rights of creditors." Burch, 67 Wn. App. at 64. "[T]he homesteader has a vested right in the homestead exemption." Robin L. Miller Constr. Co., Inc. v. Coltran, 110 Wn. App. 883, 891, 43 P.3d 67 (2002).

In Garneau v. Port Blakeley Mill Co., 8 Wash. 467, 36 P. 463 (1894), the Washington Supreme Court considered whether a laborer's lien under the law existing when the laborer made his contract was a vested right, so that it was not affected by a subsequent repeal of the law. In addressing whether the lien was merely a remedy, or whether it was in the nature of a vested right, the court made the following observation: "But it seems to us that a fair distinction can be drawn between these rights of lien which are conceded to be purely remedies, such as attachments, judgment liens, and the like . . . ." Garneau, 8 Wash. at 470 (emphasis added). Interestingly, the court noted that the question before it had been decided

both ways by different states, but with "the leading authorities holding that the right of lien is a mere remedy . . . ." Garneau, 8 Wash. at 469.  The court determined that the right to a lien was part of the laborer's contract, which was not affected by the subsequent law.

While this Court initially determined that the Judgment Lien Creditors held a vested interest in the Debtor's property, the reasoning of In re Trudell, 381 B.R. 441 (Bankr. W.D. N.Y. 2008), caused the Court to reconsider its earlier decision.  At the center of the Court's reconsideration is (1) Washington State's policy of protecting homesteads, and (2) no explicit holding by Washington courts that a judgment lien creditor has a vested right in a debtor's property.[3]  Considering the state policy favoring homesteads, the Court concludes that the Judgment Lien Creditors do not have a vested interest in the Property.  The nature of their interest is that of a remedy only.  The Court further concludes that because the remedial homestead exemption amendment does not affect a vested right of the Judgment Lien Creditors, it applies retroactively.  The proper exemption amount for purposes of the Debtor's motion pursuant to 11 U.S.C. § 522(f)(2)(A) is $125,000, which was the homestead amount in Washington that was applicable on the date of the filing of Debtor's petition, 11 U.S.C. § 522(b)(3)(A).

This Court's decision in Anderson v. Star Rentals (In re Anderson), 378 B.R. 296 (Bankr. W.D. Wash. 2007), is not in conflict with a holding that a judgment lien is only a

---

[3] Unlike Washington State, numerous state courts, and bankruptcy courts applying state law, have directly addressed the issue of what interest a judgment lien creditor holds, including Ranchers State Bank of Belen v. Vega, 99 N.M. 42, 44, 653 P.2d 873 (1982) (vested right); Hinson v. Lexington State Bank (In re Hinson), 20 B.R. 753, 757-58 (Bankr. S.C. 1982) (no vested right; remedy only); In re Flege, 17 B.R. 690, 696 (Bankr. Ohio 1982) (no vested right; remedy only); In re Bartlett, 168 B.R. 488, 497 (Bankr. D. N.H. 1994) (no vested right; remedy only).

MEMORANDUM DECISION - 8

remedy against property, rather than a vested right. In the instant case, although the Judgment Lien attached when it was recorded in March, 2007, as equity existed in the Property, it was still subject to an increase or decrease in value based on the Debtor's homestead exemption. As explained by one bankruptcy court that concluded that a creditor's lien interest is a remedy:

> [a remedy is] a means of guaranteeing (or trying to guarantee) that their debt will be paid. It is not a vested, substantive right. The law does not provide that creditors have a vested right to have their debts paid; rather, it provides them with a means—judicial liens and attachments—by which they can try to safeguard the payment of other debt at some point in the future.

Bartlett, 168 B.R. at 497. Thus, while the Judgment Lien attached in March, 2007, so that the Judgment Lien Creditors had a "right" as of that time to move against the Property subject only to the $40,000 homestead exemption, "that right . . . . also carried a corresponding obligation to assert and enforce that right promptly under the existing statutory provisions with regard to the homestead exemption, in view of the general knowledge that homestead exemption laws are in fact periodically updated and changed in amount as inflation and other economic conditions warrant." Bartlett, 168 B.R. at 495.

Accordingly, the 2007 homestead exemption amendment is applied retroactively for purposes of the Debtor's lien motion under 11 U.S.C. § 522(f), and the Judgment Lien is avoided.

DATED: May 14, 2008

_____
Paul B. Snyder
U.S. Bankruptcy Judge